IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ESTATE OF TOM J. MITCHELL et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 2:10-cv-00965-JEO |
| ) | |
| **MODERN WOODMEN OF AMERICA,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION

This case involves claims against defendant Modern Woodmen of America ("Modern Woodmen") for breach of two insurance certificates insuring the life of Stephanie Mitchell. Before the court is Modern Woodmen's motion for summary judgment seeking (1) a dismissal with prejudice of any remaining claims being asserted by Ryan and Tristan Allred against Modern Woodmen, and (2) a declaration that Modern Woodmen owes Ryan and Tristan nothing under the two insurance certificates. (Doc. 118). For the reasons set forth below, the court concludes that the motion is due to be granted.

## FACTUAL AND PROCEDURAL HISTORY

In 2008, Modern Woodmen issued two insurance certificates insuring Stephanie Mitchell's life. On April 22, 2008, Modern Woodmen issued Certificate No. 8227615 (the "First Certificate") providing Stephanie with $1 million in life insurance coverage.[1] (Doc. 119 at p. 3, ¶ 1). In her application for the First Certificate, Stephanie designated Tom James Mitchell (her

---

[1] The First Certificate also provided $350,000 in accidental death coverage. In an earlier opinion on the parties' initial summary judgment motions, the court ruled that Modern Woodmen was entitled to summary judgment on the plaintiffs' claim that it breached the First Certificate by failing to pay the accidental death benefit. (Doc. 112).

husband) as the principal beneficiary and Brittany Renee Allred (her daughter) as the contingent beneficiary. (*Id.* at pp. 3-4, ¶ 3). Although Stephanie subsequently designated Ryan and Tristan Allred (her sons) as contingent beneficiaries on June 25, 2008, she restored the original beneficiary designations on December 5, 2008, again designating Tom James Mitchell as the principal beneficiary and Brittany Allred as the (sole) contingent beneficiary. (*Id.* at pp.4-5, ¶ 5). She made no further changes to the beneficiary designations relating to the First Certificate. (*Id.* at p. 5, ¶ 7).

On August 26, 2008, Modern Woodmen issued Certificate No. 8248403 (the "Second Certificate") providing Stephanie Mitchell with an additional $1 million in life insurance coverage. (*Id.* at p.6, ¶ 8). In her application for the Second Certificate, Stephanie designated Tom James Mitchell and Brittany Allred as principal beneficiaries and Ryan Keith Allred and Tristan Lee Allred as contingent beneficiaries. (*Id.* at p. 6, ¶ 9). On December 5, 2008, Stephanie changed the beneficiary designations, designating Tom James Mitchell as the sole principal beneficiary and Brittany Allred as the sole contingent beneficiary. (*Id.* at pp. 6-7, ¶ 11). She made no further changes to the beneficiary designations relating to the Second Certificate. (*Id.* at p. 7, ¶ 13).

On March 28, 2009, Stephanie Mitchell died from gunshot wounds to the head. Tom Mitchell submitted a claim for benefits under both the First Certificate and the Second Certificate. Because Stephanie's death occurred within two years of the issuance of the certificates, Modern Woodmen conducted a claim review.

On April 14, 2010, after a year had passed with no payment of the claim, Tom Mitchell and Brittany Allred filed this action against Modern Woodmen for breach of the First and Second

Certificates.[2]  (Docs. 1, 4).   Modern Woodmen answered the complaint and asserted a counterclaim seeking a declaratory judgment as to whether benefits are payable under either Certificate and, if so, to whom the benefits are owed. (Doc. 12).

By letter to Modern Woodmen dated July 1, 2011, counsel for Ryan and Tristan Allred gave notice that they were making a claim on behalf of Ryan and Tristan to "any insurance policy proceeds" related to the First and Second Certificates. (Doc. 28-1).  After receiving the letter, Modern Woodmen filed a motion to add Ryan and Tristan as parties to this action because they were "claim[ing] an interest relating to the subject matter" of the action. (Doc. 28 at ¶ 2).  The court granted the motion and on August 8, 2011, Modern Woodmen filed an amended counterclaim adding Ryan and Tristan as parties to the declaratory judgment claims.[3] (Doc. 29). In their answer to the amended counterclaim, Ryan and Tristan asserted that they were "the rightful beneficiaries of the insurance policy proceeds at issue" in the case. (Doc. 30  at ¶ 2).

## STANDARD OF REVIEW

Pursuant to Rule 56 of the FEDERAL RULES OF CIVIL PROCEDURE, Modern Woodmen has moved for a summary judgment on any remaining claims being asserted by Ryan and Tristan Allred in this action and on Modern Woodmen's amended counterclaim insofar as it seeks a declaration that Modern Woodmen owes nothing to Ryan and Tristan under the First and Second

---

[2]The complaint also included a claim for bad-faith refusal to pay benefits.  In its prior opinion on the parties' initial summary judgment motions, the court ruled that Modern Woodmen was entitled to summary judgment on that claim. (Doc. 112).

[3]Although Ryan and Tristan Allred were never formally aligned as plaintiffs, they joined with Tom Mitchell and Brittany Allred in filing "Plaintiffs' Motion for Summary Judgment" on May 23, 2013. (*See* Doc. 83).  They also joined with Tom Mitchell and Brittany Allred in opposing Modern Woodmen's initial motion for summary judgment. (*See* Doc. 95).

Certificates.  Under Rule 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion," relying on submissions "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970).  Once the moving party has met its burden, the nonmoving party must "go beyond the pleadings" and show that there is a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 324.  In its review of the evidence, the court views the evidence in the light most favorable to the non-movant. *Stewart v. Booker T. Washington Ins.*, 232 F.3d 844, 848 (11th Cir. 2000).  At summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

## ANALYSIS

The crux of Modern Woodmen's motion for summary judgment is that the undisputed evidence conclusively establishes that Ryan and Tristan Allred are not beneficiaries under either the First Certificate or the Second Certificate.  Modern Woodmen argues that because Ryan and Tristan are not beneficiaries under either Certificate, they have no claims to assert against Modern Woodmen, which owes them nothing as a matter of law.  The court agrees.

In their opposition to Modern Woodmen's motion for summary judgment, Ryan and Tristan do not challenge Modern Woodmen's evidence that they are not beneficiaries under the

First and Second Certificates.[4]  Instead, Ryan and Tristan point to a General Release and Common Interest Agreement (the "Common Interest Agreement") they entered into with Tom Mitchell and Brittany Allred in July 2012. (Doc. 123 at ¶ 1; Doc. 124).[5]  Under the Common Interest Agreement, Tom Mitchell, Brittany Allred, Ryan Allred, and Tristan Allred agreed that any proceeds recovered in this case would be divided among the four of them in a specified manner. (Doc. 124 at 6).  Ryan and Tristan argue that "this agreed-upon distribution *standing alone* confers on [them] an interest in the proceeds of both policies and the proper standing to participate in trial proceedings as a party in this case." (Doc. 123 at ¶ 1).

In support of their argument, Ryan and Tristan cite *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 285 (2008), for the proposition that "[l]awsuits by assignees, including assignees for collection only, are 'cases and controversies of the sort traditionally amenable to, and resolved by, the judicial process.'" Ryan and Tristan, however, are not assignees of any claims against Modern Woodmen.  As Ryan and Tristan themselves acknowledge, the Common Interest Agreement merely reflects an "agreed-upon distribution" of any proceeds recovered in this action; there is no assignment of claims anywhere in the Common Interest Agreement.  In particular, neither Tom Mitchell nor Brittany Allred, the designated beneficiaries under the First and Second Certificates, assigned any rights or claims against Modern Woodmen to Ryan and Tristan.

Under settled Alabama law, "[a] third party has no rights under a contract between others

---

[4]Indeed, Ryan and Tristan do not dispute any of the Undisputed Material Facts in Modern Woodmen's brief in support of its motion for summary judgment.

[5]Doc. 124, the Common Interest Agreement, was filed under seal.

unless the parties intend that the third person receive a direct benefit enforceable in court." *Russell v. Birmingham Oxygen Serv., Inc.*, 408 So. 2d 90, 93 (Ala. 1981); *see also Dunning v. New England Life Ins. Co.*, 890 So. 2d 92, 97 (Ala. 2003) (noting that "one not a party to, or in privity with a contract, cannot sue for its breach") (citation omitted); *Blake v. Bank of Am., N.A.*, 845 F. Supp. 2d 1206, 1212 (M.D. Ala. 2012) (citing *Dunning* and *Russell).* Here, Ryan and Tristan Allred are neither parties to the First and Second Certificates nor third-party beneficiaries of those contracts. Indeed, the undisputed evidence establishes that Stephanie Mitchell changed the beneficiary designations under both Certificates so as to remove Ryan and Tristan as contingent beneficiaries. Therefore, Ryan and Tristan have no rights or claims to assert against Modern Woodmen in this action. The Common Interest Agreement does nothing to change that reality.

The other arguments advanced by Ryan and Tristan are equally unavailing. Ryan and Tristan suggest that Rule 19(a)(1)(B) of the FEDERAL RULES OF CIVIL PROCEDURE somehow requires their continued inclusion in this case.[6] (Doc. 123 at ¶ 1). As Modern Woodmen notes, Rule 19 is a procedural rule that does not enlarge or modify substantive rights. *See* 28 U.S.C. § 2072(a)-(b) ("The Supreme Court shall have the power to prescribe general rules of practice and procedure ... for cases in the United States district courts," but "[s]uch rules shall not abridge, enlarge or modify any substantive right."). As discussed above, Ryan and Tristan have no substantive rights to assert against Modern Woodmen, and Rule 19 does not bestow any such

---

[6]Rule 19(a)(1)(B) provides that "[a] person ... must be joined as a party if ... that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."). FED. R. CIV. P. 19(a)(1)(B).

rights on them.  Rather, Rule 19 is a procedural device that allowed Modern Woodmen to join Ryan and Tristan as parties to this action because they claimed to be the rightful beneficiaries of the insurance proceeds under the First and Second Certificates.  Modern Woodmen has now conclusively established that Ryan and Tristan are **not** beneficiaries under either Certificate, and consequently they are due to be dismissed from this case.

Ryan and Tristan also argue that as to them, "the same genuine issues of fact that existed when this case was first filed remain as they always have been." (Doc. 123 at ¶ 2).  That is simply not accurate.  When this case was filed, and when Ryan and Tristan were added as parties, there were genuine issues of fact as to whom benefits would be owed if it were determined that Modern Woodmen was obligated to pay the proceeds of either or both of the Certificates.  As to Ryan and Tristan, those issues have been resolved.  No proceeds are payable to Ryan and Tristan under either Certificate.

Ryan and Tristan further argue that "[b]oth the [Certificates] themselves and [Modern Woodmen's] bylaws expressly contemplate that the insured's children participate in the distribution of benefits should the named and contingent beneficiaries not recover benefits." (Doc. 123 at ¶ 3).  As Modern Woodmen points out, however, the Certificates and the bylaws expressly provide that a distribution to the insured's children will occur only in the event that no beneficiary survives the insured. (*See* Docs. 16-6 at 12; 16-7 at 12; 101-9 at 7).  Here, Tom Mitchell and Brittany Allred–the designated beneficiaries under the First and Second Certificates–survived Stephanie Mitchell.[7]  Because they did, Ryan and Tristan have no

---

[7]Tom Mitchell died during the pendency of this litigation, and the representatives of his estate have been substituted as plaintiffs in his place.

expectancy in a distribution based on their status as Stephanie's sons. Their argument that Modern Woodmen has presented "nothing to foreclose" their expectancy in such a distribution is simply not correct. (Doc. 123 at ¶ 3).

Finally, Ryan and Tristan assert that Modern Woodmen should be judicially estopped from arguing that "the same insurance certificates and change of beneficiary forms by which it impleaded Ryan and Tristan" into this action now entitle Modern Woodmen to summary judgment. (Doc. 123 at ¶ 4). Ryan and Tristan proclaim that Modern Woodmen "should be disallowed from reversing its position in this manner at this stage of the proceedings." (*Id.*) Modern Woodmen, however, has not reversed its position. Modern Woodmen sought leave to amend its counterclaim and add Ryan and Tristan as parties because they–Ryan and Tristan–were "making a claim for benefits" under the First and Second Certificates. (Doc. 28 at 1). In the amended counterclaim, Modern Woodmen has simply asked for a declaratory judgment as to whether it is obligated to pay benefits under either Certificate and, if so, to whom the proceeds are payable. (Doc. 29 at ¶¶ 19-20, 25-26). Ryan and Tristan have pointed to no statement by Modern Woodmen–whether in the amended counterclaim or in any other pleading or submission–to the effect that Ryan and Tristan are beneficiaries under the Certificates with viable claims for benefits. Judicial estoppel, which is "designed to prevent parties from making a mockery of justice by inconsistent pleadings," has no application here. *McKinnon v. Blue Cross & Blue Shield of Ala.*, 935 F.2d 1187, 1192 (11th Cir. 1991) (citation omitted).

In sum, the evidence is undisputed that Ryan and Tristan Allred are not beneficiaries under either the First Certificate or the Second Certificate. Because they are not beneficiaries, and have not been assigned any rights or claims by the true beneficiaries, they have no rights or

claims to assert against Modern Woodmen in this action. As a matter of law, Modern Woodmen owes nothing to Ryan and Tristan under the two Certificates.

## CONCLUSION

For the foregoing reasons, Modern Woodmen's motion for summary judgment as to Ryan and Tristan Allred (doc. 118) is due to be **GRANTED** to the extent that any remaining claims being asserted by Ryan and Tristan Allred against Modern Woodmen under the First and Second Certificates are **DISMISSED WITH PREJUDICE** and the court **FINDS** that Modern Woodmen owes Ryan and Tristan nothing under the two Certificates.[8]

**DONE**, this the 20th day of April, 2015.

_John E. Ott_
**JOHN E. OTT**
Chief United States Magistrate Judge

---

[8] The court's finding regarding Modern Woodmen in no way impacts any rights or interests Ryan and Tristan Allred have against the Estate of Tom James Mitchell or Brittany Allred under the Common Interest Agreement referenced early in this opinion.